# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ASHTON KRUKOWSKI,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>LVMPD et al.,<br><br>　　　　　　Defendants. | Case No. 2:16-cv-01701-APG-VCF<br><br>**ORDER** |

This action is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a county prisoner. Plaintiff did not file an application to proceed *in forma pauperis* or pay the full filing fee for a civil action. (*See* ECF No. 1). Plaintiff also submitted a two-page complaint containing a one-sentence allegation. (*See id.*) On July 22, 2016, this Court issued an order directing Plaintiff to either file a fully complete application to proceed *in forma pauperis* or to pay the full filing fee of $400 within thirty (30) days from the date of that order. (ECF No. 2 at 2). The Court also directed Plaintiff to file an amended complaint on this Court's approved form within thirty (30) days from the date of that order. (*Id.*) The thirty-day period has now expired, and Plaintiff has not filed an application to proceed *in forma pauperis*, paid the full filing fee, or filed an amended complaint. Plaintiff has filed a notice of objection to the Court's order but did not provide any grounds for the objection. (ECF No. 9). Plaintiff has also filed several notices and a motion to freeze pending appeal to dismiss counsel. (ECF No. 4, 5, 6, 7, 8, 10, 11).

After reviewing the filed notices, it appears that Plaintiff is in the middle of his state criminal proceedings in the Eighth Judicial District Court and is represented by a public defender. (ECF No. 4, 6). Plaintiff seems to want to dismiss his public defender from his state criminal case. (ECF No. 5). In the motion to freeze proceeding until

1  appeal to dismiss counsel, Plaintiff requests that the Court freeze this case until his
2  appeal is complete. (ECF No. 10 at 3). Plaintiff argues that he has been denied his
3  right to effective representation and counsel. (*Id.* at 5). The Court now dismisses
4  Plaintiff's case for failure to comply with this Court's July 22, 2016 order.[1]

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

---

[1] The Court notes that Plaintiff is attempting to raise an ineffective assistance of counsel claim for events taking place in his ongoing state criminal case. Under Nevada law (which applies to Plaintiff's state criminal case), claims of ineffective assistance of counsel are properly raised through a post-conviction habeas corpus petition. *Pellegrini v. State*, 34 P.3d 519, 534 (Nev. 2001).

In the instant case, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal.  The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.  The Court's order requiring Plaintiff to submit an amended complaint and file an application to proceed *in forma pauperis* or pay the full filing fee within thirty days expressly stated: "IT IS FURTHER ORDERED that if Plaintiff does not timely comply with this order, dismissal of this action may result." (ECF No. 2 at 2).  Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order to submit an amended complaint and file an application to proceed *in forma pauperis* or pay the full filing fee within thirty days.

It is therefore ordered that this action is dismissed without prejudice based on Plaintiff's failure to file an amended complaint and an application to proceed *in forma pauperis* or pay the full filing fee in compliance with this Court's July 22, 2016, order.

It is further ordered that the motion to freeze proceeding until appeal to dismiss counsel (ECF No. 10) is denied.

It is further ordered that the Clerk of Court shall enter judgment accordingly.

Dated:  September 8, 2016.

_____
UNITED STATES DISTRICT JUDGE