**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| ASHTON KRUKOWSKI,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>LVMPD et al.,<br><br>　　　　　　　　　　　Defendants. | Case No. 2:16-cv-01701-APG-VCF<br><br>**ORDER** |

**I.　DISCUSSION**

On September 8, 2016, this Court dismissed Plaintiff's case in its entirety, without prejudice, for failure to file an amended complaint and an application to proceed *in forma pauperis* in compliance with this Court's July 22, 2016 order. (ECF No. 12 at 3). The Clerk of the Court entered judgment that same day. (ECF No. 13).

On September 20, 2016, Plaintiff filed a motion for reconsideration. (ECF No. 14 at 1). A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon

1 which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005).

Plaintiff's motion for reconsideration does not establish clear error, a change in intervening law, or present newly discovered evidence. (*See* ECF No. 14). Additionally, Plaintiff never addresses why he failed to file an amended complaint or an application to proceed *in forma pauperis* in compliance with this Court's July 22, 2016 order. As such, the Court denies Plaintiff's motion for reconsideration.

## II.   CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the motion for reconsideration (ECF No. 14) is denied.

**IT IS FURTHER ORDERED** that Plaintiff shall not file any more documents in this closed case.[1]

September 27, 2016.

_____
UNITED STATES DISTRICT JUDGE

---

[1] As noted in the dismissal order, Plaintiff should raise his ineffective assistance of counsel claims in a post-conviction habeas corpus petition. (ECF No. 12 at 2 n.2).